IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 18-14280(PMM) |
| BARRIE A. HEIMBACH and | : | |
| JOY L. HEIMBACH | : | CHAPTER 13 |
| Debtors | : | |

**STIPULATION RESOLVING ALLY BANK'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER having been brought before the Court on a Notice of Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) by Lavin, Cedrone, Graver, Boyd & DiSipio, attorneys for Ally Bank and David S. Gellert, Esquire attorney for Barrie A. Heimbach and Joy L. Heimbach (collectively, the "Debtors"), having consented to the entry of the within Order, and for good cause shown; AND NOW COMES Ally Bank, by and through their counsel, and state as follows:

(a) Barrie A. Heimbach and Joy L. Heimbach (collectively, the "Debtors") financed the purchase of a 2015 RAM 2500, VIN: 3C6UR5DJ4FG510726 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated March 7, 2015 (the "Contract") which has been assigned to Ally Bank.

(b) Pursuant to the Contract, Ally Bank maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c) The Debtors desire to retain possession of the Vehicle and provide adequate protection for Ally Bank's interest in the Vehicle.

NOW THEREFORE, in consideration of the above, Ally Bank and the Debtors STIPULATE AND AGREE as follows:

1. The Debtors are currently $6,412.00 in arrears through and including the May 7, 2021 due payment. The Debtors acknowledges their account is in arrears in the amount of $6,412.00.

2. The Debtors are paying $6,412.00.84 of the arrears along with $500.00 attorney fees through the Chapter 13 Plan for a total payment of $6,912.00. Claimant shall file an amended Proof of Claim including the arrears as stated above. Debtors shall amend their plan within thirty (30) days to include this amount.

3. The Debtors shall resume making regular monthly contractual payments in the amount of $689.16 each, commencing with the payment due on or before June 7, 2021. Pursuant to the Contract, a late charge may be assessed for any payment not received in full within ten (10) days after it is due.

4. The Debtors shall make the June 7, 2021 payment and all future payments on time. Said payment shall be forwarded to: Said payment shall be forwarded to: Ally Bank, Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

5. All payments shall be made payable to Ally Bank, Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

6. The Debtors hereby agree to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Bank under the Contract are paid in full.

7. If Debtors fail to comply with any of the stipulated terms herein, or if Debtors fail to make trustee payments within fifteen (15) days of due date, Ally Bank may be granted relief from the automatic stay with respect to the Vehicle upon filing a Certification of Counsel that Debtors are in default, together with a proposed Order to the Bankruptcy Court, and serving

copies of the same upon the Trustee, Debtors and Debtors' counsel. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally Bank's ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally Bank's ability to pursue its rights pursuant to the Contract.

8. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

9. The Trustee has no objection to the terms of the stipulation, without prejudice to any of their rights and remedies.

10. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

11. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 5/19/2021

DAVID S. GELLERT, ESQUIRE
Attorney for the Debtors

CONSENTED TO BY:

DATED: 5/19/2021

REGINA COHEN, ESQUIRE
Attorneys for Ally Bank

CONSENTED TO BY:

DATED: 5/25/21

SCOTT F. WATERMAN
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: May 28, 2021

PATRICIA M. MAYER
United States Bankruptcy Judge

2243282v1